IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH SHAW, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-04-545 |
| INTERNATIONAL BOAT RENTALS, INC., et al., | § | |
| Defendants. | § | |

**ORDER DENYING CROSS-PLAINTIFFS INTERNATIONAL BOAT RENTALS, INC.'S AND PROSPECT MARINE, L.L.C.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT COASTAL PRODUCTION, L.L.C.**

This Jones Act case arises out of injuries allegedly sustained by Plaintiff, a Jones Act seaman, aboard the M/V PROSPECTOR ("PROSPECTOR"), an offshore supply vessel. Defendants and Cross-Plaintiffs, International Boat Rentals, Inc. ("IBR") and Prospect Marine, L.L.C. ("Prospect Marine") (collectively "Cross-Plaintiffs") seek indemnification to the extent they may be held liable from Defendant Coastal Production, L.L.C. ("Coastal") pursuant to master service contracts executed between Coastal and Forest Oil Corporation ("Forest Oil"). Now before the Court comes Cross-Plaintiffs' Motion for Partial Summary Judgment. For the reasons stated below, the Motion is respectfully **DENIED**.

**I.     Background**

On September 10, 2004, Joseph Shaw ("Plaintiff") filed an Original Complaint against IBR, Prospect Marine, Forest, Talen's Marine & Fuel, Wood Group Production Services, Inc., Coastal, and Union Oil Company of California, for recovery for personal injuries allegedly sustained on

February 28, 2004, in the course and scope of his employment as an Engineer/Rigger for Prospect Marine. Plaintiff claims that he was injured aboard the PROSPECTOR, a supply boat owned and operated by Prospect Marine. At the time of the alleged injury, the PROSPECTOR was working in navigable waters offshore Texas in High Island Block 552 for and on behalf of Forest Oil, adjacent to one of Forest Oil's fixed platforms. Plaintiff claims that his injuries were caused by the negligence of all Defendants and/or the unseaworthiness of the PROSPECTOR. Plaintiff's Second Amended Complaint invokes the Jones Act and general maritime law. All Defendants deny that they were negligent in any respect. Cross-Plaintiffs now seek contractual indemnity and coverage as an additional assured from Defendant Coastal pursuant to its agreement with Forest Oil.

## II.     Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**III. Analysis**

Cross-Plaintiffs allege that they are entitled to contractual indemnification and coverage as an additional assured from Coastal for all claims asserted by Plaintiff on the basis of a Master Service Contract executed between Coastal and Forest Oil on July 2, 1991 ("1991 MSC"). Coastal responded that the 1991 MSC was superceded by a subsequent master service contract entered into on January 21, 2002 ("2002 MSC"). The provisions of the two agreement are materially different. First, Paragraph 4.2 of the 1991 MSC was removed from the 2002 MSC. In the 1991 MSC, this paragraph contained the language by which Coastal agreed to indemnify the "Forest Group," defined as Forest Oil, "its subsidiary, affiliated and related companies and its and their working interest owners, co-lessees, co-owners, contractors and subcontractors, and any others for whom any of the foregoing may be acting; and the agents, directors, officers, employees of any one or more of the above names or described parties..." for claims "which may be brought by any person or entity against the Forest Group or in which the Forest Group may be named a party defendant, in any way, directly or indirectly, arising out of or related to the performance of this Contract or the use by Contractor or its employees...." This language no longer exists in the 2002 MSC, which contains language whereby Coastal agreed to indemnify Forest Group *only* with respect to claims against Forest Group by Coastal, Coastal's subcontractors, and Coastal's employees. Second, under the 2002 MSC, Forest Oil agreed to indemnify Coastal "from and against all any and all claims, demands, judgments, defense costs, or suits by Forest Group...or any employees of Forest Group...." Third, the insurance coverage provisions in the 1991 and 2002 MSCs differ substantially. Under the 1991 MSC, Coastal agreed to provide insurance for Forest Group as an additional assured almost without restriction. Under the 2002 MSC, Coastal agreed to provide insurance coverage for Forest Group, but only as to "those risks and liabilities assumed by [Coastal] under this Agreement."

Cross-Plaintiffs' claims are based solely on the language of the 1991 MSC. If this is not the

agreement in force and effect at the time of Plaintiff's accident, it would appear that they have no claims against Coastal for indemnity or for insurance coverage as an additional assured under the 2002 MSC. However, Cross-Plaintiffs do not address the validity of the 2002 MSC, and it is clear that genuine issues of material fact remain as to which one is applicable. The clear conflict between the rights and obligations of the Parties under the two contracts, as well as the question of which contract was in force at the time of Plaintiff's accident, demonstrates the existence of genuine issues of material fact.

### IV. Conclusion

Because the Parties present conflicting evidence as to which agreement was in effect at the time of Plaintiff's accident, summary judgment is not appropriate on the issue of Cross-Plaintiffs' right to indemnity and insurance from Coastal. Cross-Plaintiffs' Motion for Partial Summary Judgment is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 31st day of October 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge